IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

**ROBERT EARL WALKER,**

    Plaintiff,

v.

**ALTEC INDUSTRIES, INC.,**

    Serve:
        Altec Industries, Inc.
        c/o Capitol Corporate Services, Inc.,
        Registered Agent
        10 South Jefferson Street,
        Suite 1400
        Roanoke, Virginia 24011

    Defendant.

**Case No:** 7:20-cv-507

**JURY TRIAL DEMAND**

## COMPLAINT

COMES NOW, Robert Earl Walker ("Mr. Walker" or "Plaintiff"), by counsel, and states as his Complaint against Defendant Altec Industries, Inc. ("Altec" or "Defendant"), the following:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter as it arises from the federal questions presented by the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA"). *See generally* 28 U.S.C. § 1331; 28 U.S.C. § 1343(a)(4).

2. Venue is appropriate as the acts and/or omissions of Defendant from which the causes of action arise, occurred within the Western District of Virginia, Roanoke Division. *See* 28 U.S.C. § 1391(b)(2).

1

3. Due to its contacts within the Commonwealth of Virginia, Defendant avails itself to the jurisdiction of this Court.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in February of 2020. Plaintiff received a Dismissal and Notice of Rights from the EEOC dated August 5, 2020, attached hereto as **EXHIBIT A**. Plaintiff files suit within ninety (90) days of receipt of that Dismissal and Notice of Rights.

## II. THE PARTIES

5. Mr. Walker was born in 1957[1], and is a resident of Roanoke, Virginia.

6. Altec, headquartered in Birmingham, Alabama, is a provider of products and services to the electric utility, telecommunications, tree care, and contractor markets, and maintains multiple locations throughout the United States and internationally.

## III. FACTUAL ALLEGATIONS

7. Mr. Walker, currently 63 years of age, was hired by Altec on or about September 26, 2016, as a Programmer and "Plant Systems Developer II" at Altec's Daleville, Virginia location, which is located at 325 South Center Drive, Daleville, VA 24083.

8. Mr. Walker held his full-time position with Altec until his unlawful termination, allegedly due to performance and insubordination issues, on or about June 24, 2019.

9. Of note, upon information and belief, Altec's Daleville programmer workforce is generally young, with the majority under 50 years of age.

---

[1] Mr. Walker's exact date of birth is not included due to privacy concerns, and due to filing requirements as per the United States District Court Western District of Virginia Local Rules.

2

10.  During his approximate 40-year career as a programmer, Mr. Walker consistently performed his job duties with expertise and received positive performance reviews, and his work performance consistently met Altec's legitimate expectations of him.

11.  However, Mr. Walker was targeted and subjected to age-related discrimination by his Altec supervisors, including Manager Dan Zicafoose, who is younger than Mr. Walker and, upon information and belief, held a discriminatory animus against Mr. Walker due to his age – ultimately resulting in Mr. Walker's pretextual termination from employment.

12.  When Mr. Walker began employment with Altec, he was initially hired by Christian Lovern. Mr. Lovern also hired Jeffrey Lorman. Both Mr. Walker and Mr. Lorman were well above the forty-year threshold for the protected age class pursuant to the ADEA.

13.  Mr. Lovern was later promoted, and Mr. Zicafoose was hired to work as his replacement. Mr. Zicafoose subsequently hired Emily Newberry (age: in her thirties) and Andrew Oleson, (age: believed to be in his thirties, but certainly younger than Mr. Walker by more than ten years).

14.  Despite Mr. Walker and Mr. Lorman's seniority, familiarity with their department at Altec, and records of positive work performance, when Mr. Zicafoose was absent from work, he arranged for an automatic reply to be sent to individuals that had emailed him. Pursuant to this automatic reply, if the individual who had transmitted the email had questions or needs regarding programming, the message directed them to contact Ms. Newberry. Additionally, the message directed that if the individual who had

3

transmitted the email had questions or needs regarding information technology, the message directed them to contact Mr. Oleson.

15.   Mr. Walker considered this to be a personal slight and believed his age played a part in Mr. Zicafoose's decision to funnel communications to the younger (but less experienced) employees.  Mr. Walker believed that this action on the part of Mr. Zicafoose, undermined and damaged Mr. Walker's credibility at Altec.

16.   Indeed, although Mr. Walker consistently excelled at his programming assignments and completed them in a timely manner, Mr. Zicafoose, who, upon information and belief, has no programming experience, sought to induce Mr. Walker's termination and replace Mr. Walker with a younger programmer.

17.   Specifically, on or about 2018, Mr. Zicafoose asked Mr. Walker to create a complex program to track Altec's truck locations ("tracking program").

18.   However, although Mr. Walker successfully created the tracking program, Mr. Zicafoose, without reason, transferred the project to a younger Altec programmer after Mr. Walker had already completed the program.

19.   The transfer of this program to a younger programmer was part of Mr. Zicafoose's plan to get rid of Mr. Walker.  Mr. Zicafoose did not wish for Mr. Walker to receive credit for the program's success.  The program ultimately received praise from Altec leadership and was adopted into company-wide use.

20.   Additionally, on or about August 23, 2018, Mr. Zicafoose presented Mr. Walker with a highly subjective mid-year improvement plan that did not accurately reflect Mr. Walker's work performance, and contained multiple inconsistencies, including a reference to one-on-one meetings that never occurred between Mr. Walker and Mr. Zicafoose.

21.     Moreover, prior to receiving this mid-year improvement plan, Mr. Walker had been given no indication from Altec that his work performance was insufficient, a point he made in a written rebuttal provided to Altec's Human Resources ("HR") Department shortly after being presented with the improvement plan.

22.     Mr. Walker asked for, and was provided with, a copy of this mid-year improvement plan.

23.     In the latter part of May of 2019, Mr. Zicafoose pointedly asked Mr. Walker to reveal Mr. Walker's age in front of a group of younger Altec co-workers.

24.     Mr. Walker understood Mr. Zicafoose's inquiry to be targeted and discriminatory and advised Mr. Zicafoose a number of times that he [Mr. Walker] thought it was illegal for Mr. Zicafoose to ask him for this information.

25.     However, Mr. Zicafoose continued to encourage Mr. Walker to respond, and Mr. Walker eventually relented and informed Mr. Zicafoose that he was 62 years old and had 40 years of experience as a programmer.

26.     On or about June 5, 2019, approximately two weeks after Mr. Zicafoose demanded that Mr. Walker publicly disclose his age, Mr. Zicafoose presented Mr. Walker with a second unwarranted mid-year poor performance review and mid-year improvement plan, and this time refused to provide Mr. Walker with a copy, despite Mr. Walker's requests to both Mr. Zicafoose and Altec's HR Department.  Mr. Zicafoose also chastised Mr. Walker for looking at a non-work-related website on his computer when it was openly known to be a common activity for the other programmers.  Mr. Zicafoose even insisted that this policy applied equally to the staff, but this was false as Mr. Zicafoose knew that the other programmers visited other websites and did nothing to curtail this behavior.  He only sought to criticize Mr. Walker.

5

27. Moreover, when Mr. Walker attempted to defend his work performance both verbally and with written documentation of his effective communication and positive performance reviews, Mr. Zicafoose became angry with Mr. Walker and showed no interest in Mr. Walker responding to the performance deficiency allegations, even though Mr. Walker conveyed that he was prepared to do so.

28. Additionally, in a continued effort to refute the claims made against him in his mid-year review, Mr. Walker requested that Altec restore certain emails that he had previously archived and could not access.

29. Altec, without justification, did not do so and, upon information and believe, purposely permanently deleted the email communications.

30. Of note, Mr. Zicafoose is in charge of those who would load the back-up tapes to restore these emails.

31. On or about June 20, 2019, Mr. Walker met with Mr. Zicafoose to discuss his mid-year review and Mr. Walker's progress.

32. During this meeting, Mr. Zicafoose refused to acknowledge Mr. Walker's efforts, and treated Mr. Walker in a hostile manner.

33. At no time, however, did Mr. Walker act in an insubordinate fashion during this meeting. Mr. Zicafoose at all times was the aggressor and raised his voice at Mr. Walker multiple times during the meeting. At one point, Mr. Zicafoose interrupted Mr. Walker and abruptly ended the meeting.

34. At the end of this meeting, Mr. Walker requested that Mr. Zicafoose arrange another meeting between him, Materials Team Manager Christian Lovern, and HR Manager Kristy Fitzgerald.

35. Mr. Zicafoose agreed to do so, but this requested meeting never transpired.

6

36. On or about June 21, 2019, Altec (represented by HR Representative Megan Flora and Mr. Zicafoose) suspended Mr. Walker until further notice and indicated that he was banned from the property.

37. At no time was Mr. Walker insubordinate to Mr. Zicafoose.

38. Upon information and belief, Mr. Zicafoose was not disciplined for raising his voice to or being inappropriately aggressive towards Mr. Walker.

39. On June 23, 2019, Mr. Walker emailed Ms. Flora, and requested written information concerning the terms of his suspension. Importantly, during this communication, Mr. Walker also requested information to begin the process of filing a formal complaint alleging discrimination and harassment against Mr. Zicafoose.

40. <u>A mere one day later</u>, on June 24, 2019, Mr. Walker received a telephone call from Ms. Flora, who informed Mr. Walker that Altec was terminating his employment, effective immediately, for insubordination and lack of performance.

41. Upon information and belief, no other Altec employees were terminated at this time and Mr. Walker's position at Altec was taken over by a programmer who is younger than Mr. Walker.

42. Despite working under difficult and stressful circumstances, Mr. Walker consistently maintained his overall positive record during his employment with Altec, and at no time did he engage in intentional workplace misconduct or deliberately violate any Altec policy.

43. Upon information and belief, Altec's decision to terminate Mr. Walker was not based upon legitimate business reasons, but was merely a pretext to unlawful age discrimination, as Mr. Walker's alleged performance issues and heated discussion with Mr. Zicafoose did not, collectively, rise to the level of a terminable offense.

44. Upon information and belief, Altec unlawfully targeted Mr. Walker, subjected him to increased scrutiny, and unjustly planted misinformation in unwarranted improvement plans that inaccurately valued Mr. Walker's work performance and responsibilities, in an effort to create pretextual justification for his termination from employment.

45. Accordingly, Mr. Walker's termination, which took place just one day after he initiated a discrimination-related complaint against his supervisor, occurred under circumstances that raise a reasonable inference of unlawful discrimination and retaliation based upon his age, and is indicative of Altec's overall discriminatory animus and age bias against its older workers.

46. Upon information and belief, Altec unlawfully terminated Mr. Walker's employment because of his age, in violation of the ADEA, and would not have taken the discriminatory actions against him but for Mr. Walker's age.

47. Any reasons cited by Altec for its decisions with regard to Mr. Walker are pretextual.

48. Due to the acts and omissions of Altec, Mr. Walker was discriminated against and retaliated against in violation of the ADEA.

49. Because the actions taken by Mr. Walker's supervisory Altec employees were taken within the scope of their employment, Altec is responsible for their actions based upon the doctrine of *respondeat superior.*

**COUNT I:  CLAIM FOR DISCRIMINATION IN VIOLATION OF THE ADEA**

50. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

51. At the time of his termination from employment, Plaintiff was 62 years of age, and protected from age discrimination by the ADEA.

52. During his employment with Defendant, Plaintiff experienced unwelcome discrimination based upon his age.

53. Specifically, Defendant unlawfully targeted Plaintiff, treated him differently, and less preferably than younger employees, subjected him to increased scrutiny, demanded that he publicly disclose his age, presented him with unwarranted and inaccurate poor reviews and improvement plans, and suspended his employment in an effort to create pretextual justification for his termination, in violation of the ADEA.

54. Defendant would not have terminated Plaintiff, or taken the other discriminatory actions against him, but for Plaintiff's age.

55. Defendant's conduct towards Plaintiff was discriminatory and intentional, as no business-related legitimate reason justified the actions taken against him, as prior to Plaintiff's termination from employment, Plaintiff was performing his work at a satisfactory level.

56. Any reasons cited by Defendant for Plaintiff's termination were pretextual, as Plaintiff's work performance was meeting Defendant's legitimate business expectations.

57. Upon information and belief, after Plaintiff's termination from employment, his job duties were taken over by one or more employees of Defendant, all of whom are younger than Plaintiff.

58. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

59. At all times material hereto, Defendant engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of Plaintiff so as to support an award of liquidated damages.

60. The above-described acts by Defendant and employees of Defendant constitute age discrimination in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

## COUNT II: CLAIM FOR RETALIATION IN VIOLATION OF THE ADEA

61. Mr. Walker incorporates by reference herein the preceding paragraphs of this Complaint.

62. At the time of his termination from employment from Altec, Mr. Walker was 62 years of age, and protected from retaliation by the ADEA.

63. Prior to Mr. Walker's unlawful termination from employment, Mr. Walker was performing his work at a satisfactory level and meeting the legitimate business expectations of Altec.

64. Mr. Walker made a federally protected complaint at Altec on June 23, 2019 concerning the age-based discriminatory treatment he endured during his employment. However, Altec failed to meaningfully address Mr. Walker's complaints and, instead, retaliated against him by unlawfully terminating his employment.

65. Altec would not have terminated Mr. Walker or taken the other discriminatory and retaliatory actions against him, but for Mr. Walker's age.

66. The discriminatory and retaliatory actions taken against Mr. Walker, including Altec's termination of Mr. Walker's employment, are causally connected to Mr. Walker's complaints of age discrimination.

67. Any reasons cited by Altec for Mr. Walker's termination from employment were pretextual as Mr. Walker's work performance was meeting legitimate business expectations.

68. Upon information and belief, after Mr. Walker's termination, his job duties were taken over by one or more Altec employees, all of whom are younger than Mr. Walker.

69. As a direct and proximate result of Altec's actions, Mr. Walker has suffered and will continue to suffer pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

70. At all times material hereto, Altec engaged in discriminatory and retaliatory practices with malice or reckless indifference to the federally protected rights of Mr. Walker so as to support an award of liquidated damages.

71. The above-described acts by Altec and employees of Altec constitute retaliation in violation of the Age Discrimination in Employment Act, as codified under Title 29 U.S.C. §§ 621 through 634 ("ADEA").

WHEREFORE, Plaintiff Robert Earl Walker prays for judgment against Defendant Altec Industries, Inc., and for equitable relief, compensatory and/or liquidated damages, together with prejudgment interest from the date of Mr. Walker's termination from employment, and for costs and attorneys' fees, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

**ROBERT EARL WALKER**

/s/ Thomas E. Strelka _____
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*