## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

**ROBERT EARL WALKER,**

      **Plaintiff,**

**v.**

                                        **Case No: 7:20CV00507**

**ALTEC INDUSTRIES, INC.,**

      **Defendant.**

## JOINT RULE 26(f) PLAN

The parties, come, pursuant to Fed. R. Civ. P. 26(f), having met and conferred, to respectfully submit the Joint Discovery Plan (the "Plan") as set forth below:

### I.    Nature and basis of claims and defenses and the possibilities for promptly settling or resolving the case.

The parties have discussed the general nature and basis of each other's claims and defenses.  Plaintiff will provide a settlement demand to Defendants within two weeks. Should the parties be so inclined, they will contact the Magistrate Judge to schedule a mediation.

### II.    Rule 26(f) Discovery Plan.

Pursuant to Rule 26(f) and subject to any forthcoming Scheduling Order from the Court, the parties jointly propose the following agreed plan supplementing/amending the discovery provisions set forth in the Pretrial Order:

(A)    Rule 26(a) Initial Disclosures will be exchanged by November 20, 2020.

(B)      Plaintiff shall make his Rule 26(a)(2) expert witness disclosures on or before four months prior to the trial date.  Defendant shall make expert witness disclosures thirty (30) days thereafter.

(C)      Regarding electronic discovery issues, see Part III, below.

(D)      Regarding issues of assertion or privilege and protection of trial preparation materials, see Part III, below ("Privileged Produced Information").  The rules and procedures for asserting claims of privilege and/or work-product protection set by the Federal Rules of Civil Procedure and Local Rules of this Court are acceptable to the parties.  The parties further agree that neither party shall have the obligation to record on a privilege log the existence of otherwise privileged or otherwise protectable communications taking place after the date of Plaintiff's filing of his Charge of Discrimination with the Equal Employment Opportunity Commission,, except to the extent such communications are copied or sent to, or received from, non-parties or non-party employees.   Otherwise, the parties agree that they will assert claims of privilege/protection through the use of privilege logs.  The logs will comply with the Federal Rules and Local Rules of this Court.  Within thirty (30) days after the time of exchanging written responses to discovery, a party asserting privilege shall identify any information, document, or other material for which any privilege is asserted by means of production of a privilege log, with sufficient specificity to be able to establish the applicability of the privilege asserted.

(E)      The parties will adhere to limitations on discovery, including limitations on the number of permissible depositions and interrogatories, as prescribed by the Federal Rules of Civil Procedure and Local Rules of this Court.

(F)     The parties will confer and submit for the Court's approval a Stipulated Protective Order to govern the production of confidential and/or proprietary information. The parties agree that they will exchange confidential documents prior to the entry of a Stipulated Protective Order so long as the receiving party agrees to treat the documents as confidential.

(G)     The parties agree to transmit and/or serve discovery requests and responses by electronic means (e.g. electronic mail and/or electronic file sharing means). Service is complete upon and on the day of transmission provided that the party to be served receives the transmission prior to 6:00 P.M. Electronic transmissions received by a party between 6:00 P.M. and 11:59 P.M. shall be effective as service on the following day (and the three additional days provided by Fed R. Civ. P. 6(d) shall not apply).  The parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail, but service shall be considered effective on the day the e-mail transmission was attempted so long as the correct e-mail address was used in the attempted e-mail transmission.  The parties will not file disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and responses thereto, except on order of the Court, or for use in a motion or at trial.

(H)     The parties agree to resolve discovery disputes, including disputes concerning protective orders, if necessary, in the following manner: 1) detailed email

exchange ("meet and confer") between the parties to discuss the discovery issue(s) with a deadline to resolve the issues; followed by a (2) telephone conference to resolve any outstanding issues; and finally, if necessary, (3) filing of a Motion requesting the Court take formal action.

## III.     Discovery of Electronically Stored Information ("ESI").

The parties will comply with the rules governing electronic discovery set forth in the Federal Rules of Civil Procedure, applicable local rules, and decisional law.   The parties hereby submit the following summary of the parties' conference and agreement regarding electronic discovery matters:

1.     <u>Preservation:</u>    The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information, including, to the extent they exist, (i) email back-up tapes, computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI).  To the extent they exist, the parties agree to preserve all such back-up tapes and other ESI created during the Relevant Period.

2.     <u>Search Terms:</u>  The parties have agreed to the following protocol regarding the use of search terms to decrease the scope of production in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b).  The first set of search terms and identification of custodians will be provided by Plaintiff with Plaintiff's Initial Disclosures.  Thereafter, the parties will work in good faith to revise the list of search terms based upon the reasonable requests of the Searching Party. The parties agree to work in good faith to agree upon reasonable search terms and custodians.  The parties agree to produce the ESI in searchable PDF..

3.      "Excessive" ESI Data Set:  If one or more of the agreed search terms produce more than 500 "hits," the parties will have a teleconference within fourteen (14) days of the Producing Party notifying the Searching Party of the one or more agreed search terms that produced the "excessive" number of hits.

5.      Privileged Produced Information:   The parties hereby invoke the protections of Federal Rule of Evidence 502 and specifically 502(d) and (e).

8.      No Waiver of Objections.  By agreeing to preserve potentially discoverable information in accordance with the terms hereof, the parties do not waive any objection to the discovery or admissibility of such information.

9.      No Subject Matter Waiver.  The Parties hereby acknowledge that certain disclosures made pursuant to Rule 26 and Rule 16, or through other formal or informal pretrial disclosures, may result in the disclosure of documents or information that is otherwise subject to the protections of the attorney/client privilege and work product immunity.  To the extent that such disclosures are made, the parties agree that any arguable waiver of these protections is made in furtherance of the letter and spirit of cooperation embodied in Rule 26 and the applicable decisional law, and that such disclosure only waives the privilege or immunity, if at all, as to the specific information disclosed.  The parties agree that no subject matter waiver of attorney/client privilege or work product immunity is made or implied by such disclosures, including as to non-disclosed aspects of discovery practices, procedures and strategies employed by the parties.

## IV.     Depositions

The parties agree that the use of telephonic and videoconference depositions save both parties time and resources.  To the extent possible, the parties agree to schedule depositions via telephonic means or through the use of videoconference technology.

## V.     Trial Date

The parties agree that this case will be set for a 3-day trial commencing on a date to be determined by the Court.

AGREED:

/s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB #92598)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB #65766)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*

/s/ Elizabeth M. Ebanks
Elizabeth M. Ebanks, Esquire
Bret G. Daniel, Esquire
OGLETREE, DEAKINS, NASH,

SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Richmond, VA 23219
Tel: (804) 663-2330
Fax: (804) 843-1809
elizabeth.ebanks@ogletree.com
bret.daniel@ogletree.com

*Counsel for Defendant*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 2, 2020, the foregoing was sent

to the following attorneys for the Defendant via the Court's electronic CM/ECF system.

Elizabeth M. Ebanks, Esquire
Bret G. Daniel, Esquire
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Richmond, VA 23219
Tel: (804) 663-2330
Fax: (804) 843-1809
elizabeth.ebanks@ogletree.com
bret.daniel@ogletree.com

*Counsel for Defendant*

                    ___*/s/Thomas E. Strelka*___