IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| ROBERT EARL WALKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:20-CV-507 |
| | ) | |
| ALTEC INDUSTRIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER GOVERNING**
**DISCOVERY AND PRODUCTION OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED by and between Plaintiff Robert Earl Walker ("Plaintiff"), by counsel, and Defendant Altec Industries, Inc. ("Defendant"), by counsel, and ORDERED by the Court that the following procedure shall govern the production, use, and exchange of confidential documents or information in the discovery and pretrial stage of this action:

1.  A party may designate as "Confidential" any discovery material that the party reasonably and in good faith believes contains or discloses confidential data, data relating to trade secrets, proprietary or nonpublic commercial information, information involving privacy interests, medical records, personnel or payroll records, or other commercially and/or sensitive information of a nonpublic nature, or information received on a confidential basis as contemplated in Fed. R. Civ. P. 26(c)(7).  Discovery material may be so designated by stamping "CONFIDENTIAL" on each page of each document, by written designation identifying each page by Bates number or by reference to subject matter, or by using such other procedures as may be agreed upon by the parties. Confidential documents shall be subject to disclosure and use only in accordance with the provisions of this Protective Order absent further Order of this Court.  Plaintiff or Defendant may retroactively designate documents as Confidential after production by marking such documents

"Confidential" by any of the above methods.  With respect to depositions, the designating party may designate by specific page and/or line number the portions of the deposition that are deemed Confidential.

2. If any party receives a document from another party and disagrees with the producing party's contention that the document is Confidential, the non-producing party may petition the Court for a determination as to whether such document shall remain subject to this Protective Order.  The parties shall confer with each other and attempt in good faith to resolve the matter before petitioning the Court.  Should the parties be unable to resolve the objections, the party receiving the Confidential document may seek a hearing before this Court with respect to the propriety of the designation.  The producing party will cooperate in obtaining a prompt hearing with respect thereto.  Pending a resolution, the discovery material in question shall continue to be treated as Confidential as provided hereunder.  The burden of proving that discovery material is properly designated as Confidential shall at all times remain with the party designating the material as Confidential.

3. All Confidential documents that are either inspected or received by counsel for a party pursuant to pretrial discovery in this action shall not be disclosed to anyone other than a "Qualified Person" as defined in this Paragraph.  A "Qualified Person" includes the Court, including all members of the Clerk's Office; any arbitrator, mediator, or case evaluator in this action; Plaintiff and Defendant; Plaintiff's and Defendant's counsel, including other attorneys, law clerks, and paralegals (collectively referred to as "legal staff") in Plaintiff's and Defendant's counsel's law firms; stenographic and videographic reporters; Plaintiff's and Defendant's witnesses or prospective witnesses (including fact witnesses and expert witnesses) in connection with the matters at issue in this case; consultants and experts employed by Plaintiff or Defendant;

and any other person or entity that Plaintiff and Defendant may agree upon. Each such person shall first be advised of the terms of this Protective Order, and documents shall only be discussed or disclosed to the extent necessary to assist counsel in preparing the case.

4. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, and destroy all remaining copies of such information or documents, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

5. Except as provided above, no person shall use any Confidential documents obtained during pretrial discovery in this action, other than for deposition, preparation for trial, settlement discussions, mediation, pre-trial filings with the Court in this action, and pre-trial hearings in this action, without further order of this Court, written consent from the counsel for the opposing party, or unless a party was lawfully in possession of such document and such document directly relates to such party prior to entry of this Order. Nothing in this Protective Order bars or restricts the introduction of or reference to any evidence in pre-trial filings or at the trial of this matter or the

reference to any information at trial of this matter in open Court, unless otherwise ordered by the Court. Nothing in this Protective Order shall prevent any party from seeking any restriction on introduction of evidence at or during trial whether by motion *in limine* or otherwise.

6. Nothing herein shall require the parties to submit Confidential documents to the jury in envelopes at trial.

7. In the event that Plaintiff, Defendant or any "Qualified Person" are required by subpoena or Court Order outside of this action to produce or disclose any specified Confidential information, that person or entity, or counsel for that person or entity, shall give at least ten (10) days written notice or, if that is not practical, as much notice as possible, to counsel for the opposing party. The notice will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure. Parties so noticed shall have, if at all possible, ten (10) days thereafter, or, at a minimum, one (1) day less than the amount of time remaining under the subpoena or order, in which to serve counsel for the requesting party with a written objection to such disclosure. If the parties are unable to resolve whether such Confidential information and/or documents can be disclosed themselves, then the parties will seek the intervention of the Court. Until such time, the parties are precluded from disclosing the information

8. At any time, a party claiming the confidentiality of information or documents may elect to remove the confidential designation. Notice of this election shall be given to opposing counsel in a timely manner.

9. Nothing in this Protective Order shall prevent a designating party from disclosing or using its own Confidential information or documents in any manner (provided that such Confidential information or documents are not duplicative of materials designated by the other

party as Confidential); however, use of the Confidential information may alter its designation and trigger the ability of the receiving party to challenge the continuing designation as Confidential.

10. All Confidential documents, including all copies, shall be returned to counsel for the originating party at the conclusion of this litigation (including the conclusion of any appeal), or destroyed, at the direction of counsel for the originating party, provided that counsel for each party may maintain, in confidence, a copy of any such documents as counsel deems necessary to justify professional judgments made in the case.

11. The parties acknowledge that this Protective Order does not contain any provision allowing for the prospective filing of documents under seal and that the parties must comply with all local rules in order to obtain permission from the Court to file any material under seal, unless otherwise ordered by the Court.

12. This Protective Order shall become effective when entered by the Court or as otherwise agreed by the parties.

SO ORDERED on this  29th   day of  March                       , 2021.

*Robert S. Ballou*
US Magistrate Judge